UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GAIL THOMPSON-ALLEN, | : | Civil Action No.: |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| RUSSELL LIBRARY, | : | |
| | : | |
| Defendant | : | |

**COMPLAINT FOR DAMAGES and DECLARATORY JUDGMENT**

**Parties**

Plaintiff Gail Thompson-Allen is a resident of Guilford, Connecticut.

Defendant Russell Library is a non-profit public library located in Middletown, Connecticut.

**Jurisdiction and Venue**

The jurisdiction of this court is founded upon 28 U.S.C. §1331, 28 U.S.C. §1343 and 28 U.S.C. §2201.  Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that the claims arose in this district and Plaintiff resides in this district.

**Factual Background**

1. On April 19, 2022, Plaintiff Gail Thompson-Allen (a former employee of Defendant Russell Library) engaged in constitutionally protected Free Speech when she spoke during the public comment period of the budget meeting of the City of Middletown Common Council, criticizing the library director and administration for what Ms. Thomspon-Allen considered skewed budget priorities, including administrative salary increases.

2. On April 29, 2022, Ms. Thompson-Allen received a lengthy legal letter from Atty. Michael J. Spagnola of Ford Harrison law firm in Hartford, stating as follows: "The purpose of this correspondence is to demand a retraction of the maliciously false and defamatory statements you made, adopted and re-published about the Library, its Administration and its Director" at the April 19 budget meeting.

3. The letter listed a number of statements made by Ms. Thompson-Allen that were allegedly false and defamatory.

4. The letter then stated, "Your conduct violates Connecticut law prohibiting defamation and exposes you to personal liability for significant damages, including, but not limited to, compensatory and punitive damages."

5. Atty. Spagnola's letter went on to state that "the Library demands that you <u>immediately</u> retract those statements in a writing directed to the Mayor of the City of Middletown and the City of Middletown Common Council. The Library also demands that you cease and desist from making further

defamatory statements about the Library, its Administration and its Director."

6. Ms. Thompson-Allen was flabbergasted and shaken when she read Atty. Spagnola's letter.  She learned that Ann Smith, who spoke at the budget meeting similarly to Ms. Thompson-Allen, had received a similar letter from Atty. Spagnola.

7. Ms. Thompson-Allen consulted and retained counsel, Atty. Thomas Luby, who responded to Atty. Spagnola's letter by writing to him on May 19, 2022, a letter that was essentially a memorandum of law refuting the assertion that Ms. Thompson-Allen had done anything for which she was liable or not fully constitutionally protected.

8. Atty. Luby wrote, "By sending that letter the Russell Library has attempted to intimidate my client into silence in order to suppress constitutionally-protected criticism of the publicly funded operations of the library."

9. Atty. Luby's letter concluded by informing Atty. Spagnola, "Your letter of April 29 constitutes a baseless effort to chill public debate by threatening my client with economic loss. … I suggest the honorable thing is for the Director and the Library board to apologize to Ms. Thompson-Allen and confirm that my client will not be sued."

10. Atty. Luby's letter was copied to Middletown Mayor Ben Florsheim and Middletown Common Council Clerk Linda Reed.

11. On June 2, 2022 Atty. Spagnola emailed Atty. Luby in response to Atty. Luby's May 19 letter:

"Attorney Luby – suffice it to say, we do not agree with the allegations, insinuations and characterizations of the facts and law in your letter. As to your request for an apology and a statement that we will not pursue legal action against Ms. Thompson-Allen, we will do neither. Thank you."

12. Ms. Thompson-Allen thereafter remained in a constant state of apprehension over being sued at any time by Russell Library, construing Atty. Spagnola's response as an indication that legal action was forthcoming.

13. Ms. Thompson-Allen was aware of her friend and former co-worker at Russell Library, Ann Smith, being subjected to a hostile work environment following Ms. Smith's statements at the budget meeting.

**Count One: Retaliation for Exercise of Right to Free Speech**

14. The actions of the Defendant Russell Library constitute unlawful retaliation against the Plaintiff for her exercise of Free Speech, in violation of her rights under the First Amendment to the United States Constitution.

15. As a result of the retaliation against her for her exercise of Free Speech, Ms. Thompson-Allen experienced emotional distress, anxiety, anger, fear, and a feeling of helplessness.

16. As a result of the retaliation against her for her exercise of Free Speech, Ms. Thompson-Allen incurred economic loss in the form of the legal fees she paid to Atty. Luby.

**Count Two: Prior Restraint in Violation of Free Speech**

17. The action of the Defendant through its agent, Atty. Spagnola, in writing to Ms. Thompson-Allen following the budget meeting demanding that she refrain from making statements that the Defendant subjectively claimed to be false and defamatory, constituted a prior restraint on Ms. Thompson-Allen's right to Free Speech, in violation of her rights under the First Amendment to the United States Constitution.
18. As a result of the prior restraint, Ms. Thompson-Allen experienced Ms. Thompson-Allen experienced emotional distress, anxiety, anger, fear, and a feeling of helplessness.
19. As a result of the prior restraint, Ms. Thompson-Allen incurred economic loss in the form of the legal fees she paid to Atty. Luby.

**Count Three: Declaratory Judgment**

20. There is an actual controversy in that the Defendant threatened legal action against Ms. Thompson-Allen for her statements at the budget meeting, which threat has never been retracted.
21. Ms. Thompson-Allen's statements were protected as Free Speech under the First Amendment to the United States Constitution.
22. Ms. Thomspon-Allen seeks a declaratory judgment establishing the lawfulness of her statements at the budget meeting and thus that there would be no grounds for holding her liable to any party under any legal theory for having made the statements.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Gail Thompson-Allen prays for the following:

1. Declaratory Judgment that Ms. Thompson-Allen's statements constituted her lawful exercise of Free Speech and do not create liability to any party under any legal theory, ***and a Speedy Hearing under FRCP 57***;

2. Economic damages;

3. Compensatory damages;

4. Emotional distress damages;

5. Punitive damages;

6. Costs and attorney fees;

7. Other relief the court deems just and equitable.

    The Plaintiff,
    Gail Thompson-Allen, by:
    Bruce Matzkin, Esq. (juris # 413860)
    195 Washington Street, Malden, MA 02148
    857-242-8614
    brucematzkin1@gmail.com

    */s/ Bruce Matzkin*